IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **DANNY GARRISON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | Case No. 5:23-cv-348-TES-CHW |
| | : | |
| **Warden GEORGE IVEY,** *et al.*, | : | |
| | : | Proceedings Under 42 U.S.C. §1983 |
| **Defendants.** | : | Before the U.S. Magistrate Judge |
| | : | |

**ORDER**

Before the Court is Plaintiff Danny Garrison's motion to amend in which Plaintiff seeks to add the Georgia Department of Corrections and its Commissioner, Tyrone Oliver, to this action. (Doc. 37). Under Rule 15(a)(1) of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." *Toenniges v. Ga. Dept. of Corr.*, 502 F. App'x 888, 889 (11th Cir. 2012) (citing Fed. R. Civ. P. 15(a)(1)). Amending the complaint now requires leave of Court because Plaintiff has already recast his complaint and he is well beyond the 21-day periods contemplated by Rule 15.

Plaintiff's motion to amend fails to explain what claim he is making against the Georgia Department of Corrections and Commissioner Oliver. Plaintiff states only that he wishes to add them to his case. Therefore, the Court cannot determine the merits of Plaintiff's motion.

It is likely, however, that Plaintiff's attempt to add these defendants would be futile because they are not proper defendants in an § 1983 action. The Georgia Department of Corrections is not a proper defendant because the Eleventh Amendment bars suits directly against a state or its

agencies. *See, e.g.*, *Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989). Plaintiff cannot add Commissioner Oliver as a defendant simply because he is the head of the Department of Corrections. Supervisory officials are not liable under § 1983 on the basis of respondeat superior or supervisory liability. Commissioner Oliver would only be liable under § 1983 if he personally participated in the constitutional violation, direct their subordinates to act unlawfully, or know that their subordinates will act unlawfully but fail to stop them. *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010). Plaintiff's offers no such basis to add Commissioner Oliver to this case. Based on the foregoing, Plaintiff's motion to amend (Doc. 37) is **DENIED**.

Plaintiff has also moved for an extension of time to review his deposition transcripts. Although Plaintiff has not requested a specific date, his motion (Doc.36) is **GRANTED**, and the time for reviewing the transcript and submitting any errata is extended to July 30, 2024, the deadline for filing dispositive motions.

**SO ORDERED**, this 8th day of July, 2024.

                                                    s/ Charles H. Weigle
                                                    Charles H. Weigle
                                                    United States Magistrate Judge