IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **DANNY GARRISON,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 5:23-cv-348-TES-CHW |
| | : | |
| **Warden GEORGE IVEY,** *et al.*, | : | |
| | : | Proceedings Under 42 U.S.C. §1983 |
| Defendants. | : | Before the U.S. Magistrate Judge |
| | : | |

## ORDER

Before the Court is Plaintiff Danny Garrison's motion to compel discovery. (Doc. 39). For the reasons discussed below, Plaintiff's motion is without merit and is **DENIED**.

Attached to the motion are interrogatories and requests to produce that Plaintiff argues went unanswered after he mailed them to Defendants on March 18, 2024. (*Id*.) Defendants responded by explaining that they never received the discovery requests that Plaintiff attached to his motion. (Doc. 40). The docket reflects that Plaintiff filed several discovery requests with the Court on March 18, 2024 (Docs. 26, 27), and was reminded that discovery should not be filed with the Court. Since that time, Defendants deposed Plaintiff (Doc. 30), Plaintiff sought to amend his complaint (Doc. 37), and Plaintiff requested more time to review his deposition transcript. (Doc. 36). He has not raised any issues with Defendant's discovery responses until the present motion, which was submitted on July 2, 2024. (Doc. 39-1).

Plaintiff's motion is without merit for several reasons. First, the motion is untimely because it was not filed before the discovery period expired. Discovery closed on May 28, 2024, 90 days after Defendants filed their answer, and the time was not extended. *See* (Doc. 14, p. 15; Doc. 25). Second, there is nothing in the record to show that Defendants received the purported discovery

and filing the requests with the Clerk of Court did not comply with this Court's screening order or the discovery rules. (Doc. 14, p. 15-16). Next, the Court does not entertain motions to compel absent a certificate that the movant first attempted to confer, in good faith, with the opposing parties to seek the requested information without court action. Fed. R. Civ. P. 37; Local Rule 37. Plaintiff's motion is unaccompanied by such a certificate, and Defendants confirm that Plaintiff has not attempted to confer about discovery except regarding his deposition transcript and interrogatories directed to non-parties. (Doc. 39; Doc. 40, p. 3; Doc. 40-3). A review of Plaintiff's deposition shows that he intended to send something about discovery to defense counsel but, as of the deposition, had not done so. *See* (Doc. 41-5, p. 9). Finally, the interrogatories that Defendants received were untimely and directed to non-parties instead of Defendant Ivey or Defendant Salad. (Doc. 40-3). Even if the requests had been timely, Defendants have no obligation to facilitate or answer discovery requests to non-parties. Therefore, Plaintiff's motion to compel is without merit.

Based on the foregoing, Plaintiff's motion to compel (Doc. 39) is **DENIED**.

**SO ORDERED**, this 9th day of August, 2024.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge