IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DANNY GARRISON,  Plaintiff, | : : : | |
| v. | : : | Case No. 5:23-cv-00348 (TES) (CHW) |
| Warden GEORGE IVEY, *et al.*,  Defendants. | : : : | Proceedings Under 28 U.S.C. § 1983 Before the U.S. Magistrate Judge |

**ORDER**

Plaintiff Danny Garrison has filed a Motion for Extension of Time to File Discovery (Doc. 45), a Motion for Extension of Time to Complete Discovery (Doc. 47), and a Motion to File Discovery (Doc. 48). Plaintiff previously requested and received an extension of time to review deposition transcripts. (Doc. 38). The time for reviewing the transcript and submitting any errata was extended to July 30, 2024, which was also the deadline for filing dispositive motions. (*Id.*). The discovery period set forth in the Court's scheduling order (Doc. 14) expired on May 28, 2024, and Defendants filed a motion for summary judgment on July 30, 2024. (Doc. 41).

Plaintiff's three most recent discovery motions are somewhat difficult to categorize, but they may be liberally construed as a motion for reconsideration of the Court's order (Doc 44) denying his motion to compel. (Doc. 39). Thus construed, all three motions (Docs. 45, 47, 48) are **DENIED**.

In his first Motion for Extension of Time to File Discovery, Plaintiff claims that Defendants never received his Motion for Discovery or other "documents," although Plaintiff claims these items were received by the Court and filed. (Doc. 45 at 1). Plaintiff explains that he filed a Motion to Compel because of his belief that the Defendants were withholding

1

evidence, which he now understands to be a mistaken belief, as Defendants had not received his Motion for Discovery and other documents. (*Id.*)

Plaintiff's second Motion for Extension of Time to Complete Discovery explains that he needs additional time to get discovery, including declarations and interrogatory responses. (Doc. 47). It is unclear from Plaintiff's filing if the interrogatories he references were among the documents that he claims Defendants did not receive or if Plaintiff ever attempted to send interrogatories to Defendants.

In his Motion to File Discovery (Doc. 48), Plaintiff repeats his contention that Defendants failed to receive documents that he sent to both Defendants and the Court. He appears to be referring to discovery requests that were filed with the Court on March 18, 2024. (Docs. 26, 27). Plaintiff also appears to argue that the deposition transcript should be amended to reflect the errata he filed on July 30, 2024. (Doc. 42).

To the extent that Plaintiff moves to amend the deposition transcript to reflect the changes proposed in his errata sheet, his motion is without merit. Plaintiff has submitted seven pages of errata sheets, proposing 16 changes to his testimony. The changes are substantive in nature, rather than merely corrective. Courts are divided about the extent to which Rule 30(e) authorizes the use of errata sheets to contradict or make substantive changes to deposition testimony. *See Norelus v. Denny's Inc.*, 628 F.3d 1270, 1281 (11th Cir. 2010) (collecting cases). As a Magistrate Judge in the Southern District of Georgia has observed, "Courts have taken different approaches to errata changes – one strict, one lenient, and another flexible." *Collins v. Ferrell*, 2021 WL 5862095, *2 (S.D. Ga., Sept. 23, 2021) (collecting cases). In the Eleventh Circuit, courts have generally taken the flexible approach and have discretion to determine the extent to which such substantive changes in an errata sheet may be used to create genuine issues

of material fact on summary judgment. *Id.* (citing *Jacobs v. Chadbourne*, 733 F. App'x 483, 486 (11th Cir. 2018)). In any event, Plaintiff's errata do not warrant the amendment of the deposition transcript itself, and Plaintiff's contention that the court reporter "switched all my words so that the transcripts reflect what they wanted them to say and not what I said at my deposition" (Doc. 48, pp. 1-2) is fanciful and frivolous.

To the extent that Plaintiff requests additional time to conduct discovery or asks the Court to reconsider its order on his motion to compel, Plaintiff has not shown cause to warrant further discovery in the case. The motion to compel was denied for several reasons, foremost among which was that it was untimely, filed more than 30 days after the close of the discovery period. The Court noted that Plaintiff had not shown that he properly served the discovery and had not conferred with the Defendants in good faith to obtain the discovery without Court intervention. Finally, many of the requests that Plaintiff filed with the Court on March 18, 2024, were related to third parties.[1] In the absence of any showing that further discovery is warranted in the case, Plaintiff's motions (Docs. 45, 47, 48) are **DENIED**.

**SO ORDERED**, this 30th day of August, 2024.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

---

[1] Had Plaintiff's motion to compel been timely, the Court would likely have directed Defendants to respond to the improperly filed requests for production of documents (Doc. 26) and interrogatories (Docs. 27, 27-3) as if they had been properly and directly served on Defendants as required under the Federal Rules of Civil Procedure. "Courts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).