IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DANNY GARRISON,<br><br>  *Plaintiff*,<br><br>v.<br><br>Lieutenant JOSEPH SALAD,[1]<br><br>  *Defendant*. | CIVIL ACTION NO.<br>5:23-cv-00348-TES-CHW |

**ORDER DENYING WITHOUT PREJUDICE
PLAINTIFF'S MOTION FOR TRIAL TRANSCRIPT**

Before the Court is a Motion for Trial Transcript [Doc. 100] filed by Plaintiff Danny Garrison. The above-captioned case is a pro se civil case brought under 42 U.S.C. § 1983. [Doc. 9, p. 1]. In it, Plaintiff asserted First, Eighth, and Fourteenth Amendment claims against Warden George Ivey and Lieutenant Joseph Salad for events that took place on June 26 and 28, 2023, during his incarceration at Hancock State Prison in Sparta, Georgia. [*Id.* at pp. 5, 11–12].

On October 6, 2025, this case proceeded to trial on a single Eighth Amendment claim against Defendant Salad. *See* [Doc. 97]. After deliberating, the jury returned a verdict in Defendant Salad's favor that same day. [*Id.* at pp. 1–2]. On October 22, 2025,

---

[1] At the outset of this case, Defendant Salad held the rank of sergeant, since then, he has been promoted to lieutenant.

the Clerk of Court received Plaintiff's Motion—which he signed on October 7, 2025—requesting a copy of the transcript for jury selection and trial.[2] [Doc. 100, p. 1]. As explained below, Plaintiff is not automatically entitled to a free copy of this transcript.

When Plaintiff initiated this case, the Court permitted him to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. [Doc. 14, pp. 1–3]. Section 1915, though, "refers only to 'court fees.'" *Easley v. Dep't of Corr.*, 590 F. App'x 860, 868 (11th Cir. 2014) (quoting 28 U.S.C. § 1915). The Eleventh Circuit recognizes that there is no provision in § 1915 for payment, by the government, of costs for litigation expenses. *Id.* (citing *Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993)). Further, as the Eleventh Circuit discussed in *Easley*, "no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." *Id.* A transcript of a trial proceeding is undoubtedly an expense that is not covered by a litigant's ability to proceed *in forma pauperis* when commencing a lawsuit in federal court. In other words, Plaintiff's indigent status does not entitle him to a free copy of a transcript. *See Whitsitt v. Krohomer*, No. C 04-2476, 2005 WL 2036923, at *5 (N.D. Cal. Aug. 22, 2005) (indigent status "does not [automatically] entitle [a party] to a transcript of . . . court proceedings at no cost").

---

[2] "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1286 (11th Cir. 2016) (quoting *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009)). "Absent evidence to the contrary," courts "assume that [the prisoner's filing] was delivered to prison authorities the day he signed it." *Id.* (quoting *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001)).

However, under 28 U.S.C. § 753(f), "[a] party in a civil proceeding may obtain a transcript at the government's expense if (1) he is granted leave to proceed *in forma pauperis* on appeal and (2) 'the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question).'" *Everett v. Marianna Police Dep't*, 391 F. App'x 846, 846 (11th Cir. 2010) (quoting 28 U.S.C. § 753(f)); *see also Harvey v. Andrist*, 754 F.2d 569, 571 (5th Cir. 1985) (denying motion for trial transcript as litigant neither raised a substantial question nor demonstrated a particular need for the transcript). Thus, an indigent litigant may only obtain a free copy of a transcript upon showing that the transcript is necessary to decide an issue presented in a non-frivolous proceeding. 28 U.S.C. § 753(f). Indigent litigants are not entitled to search or peruse a transcript for possible error at the government's expense. *Cf. United States v. Warmus*, 151 F. App'x 783, 787 (11th Cir. 2005) (applying this principle in the habeas context where a proceeding under 28 U.S.C. § 2255 had not yet been initiated).

Here, there is nothing in the record indicating that Plaintiff seeks to appeal this case, and "[t]he non-frivolous certification of [§] 753(f)" is intended to block improper "fishing expeditions" where a litigant fails to present any issues he intends to press on appeal.[3] *United States v. Hernandez*, No. 1:05-cr-20596, 2010 WL 2572653, at *2 (S.D. Fla. June 24, 2010) (discussing § 753(f) in a habeas action). Put simply, the Court needs to

---

[3] If Plaintiff's request for a transcript is indeed one for a free copy and is related to—or necessary for—any forthcoming appeal, the Court directs Plaintiff to Federal Rule of Appellate Procedure 24 and reminds him of his obligation to fully comply with that Rule.

know why Plaintiff needs a copy of the transcript from October 6, 2025. Since Plaintiff's Motion does not tell the Court for what purpose he needs that transcript, the Court **DENIES** his Motion **without prejudice**.[4] *See generally* [Doc. 100].

    **SO ORDERED**, this 23rd day of October, 2025.

*S/ Tilman E. Self, III*
**TILMAN E. SELF, III**
**UNITED STATES DISTRICT JUDGE**

---

[4] If, after review of this Order, Plaintiff intends to pay for the requested transcript, the cost of a trial transcript may be obtained directly from the court reporter. When—like here—no transcript has yet been prepared, parties may contact the court reporter directly and request that the transcript be transcribed. The court reporter will provide an estimate of the transcription cost. The court reporter's name and contact information is:

    Tammy DiRocco
    U.S. Court Reporter
    P.O. Box 539
    Macon, Georgia 31201

The Court has confirmed from the court reporter that no transcript from October 6, 2025, has been formally requested. Thus, no transcript has been prepared, and one is not currently on file with the Clerk of Court. *Cf. United States v. Joyner*, No. 1:22-cr-242-ECM-JTA, 2024 WL 3625841, at *5 (M.D. Ala. Aug. 1, 2024) (permitting a litigant to "receive a copy of the transcripts that are already in the record in [a] case").